```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

IN RE: ASBESTOS PRODUCTS          :
LIABILITY LITIGATION (No. VI)     :
                                  :
CERTAIN PLAINTIFFS                :    Consolidated Under
                                  :    MDL DOCKET NO. 875
        v.                        :
                                  :
CERTAIN DEFENDANTS                :
                            O R D E R



FILED
FEB
MICHAEL E. KUNZ, Clerk
  Dep. Clerk

<u>Eastern District of Wisconsin</u>

97-cv-0288  Clifford J. Mancoske v. AC&S, Inc., et al.
96-cv-0999  Clifford J. Dorsey v. AC&S, Inc., et al.
92-cv-0494  Harold Rasmussen, Sr. v. Anchor Packing, et al. 09-61094
00-cv-1454  Gerald A. Decker v. AC&S, Inc., et al. 09-60497
92-cv-0493  Robert J. Powers v. Anchor Packing, et al. 09-61079
92-cv-0497  Kenneth T. Shanks v. Anchor Packing, et al. 09-61142
01-cv-0698  Tureda C. Crivello v. AC&S, Inc., et al. 09-60526
00-cv-0056  Boyd T. Lura v. AC&S, Inc., et al.
97-cv-0446  Harry A. Dombeck v. AC&S, Inc., et al. 09-61316
97-cv-1360  Victor E. Weise v. Armstrong, et al. 09-60443
97-cv-0449  Edward J. Nordby v. AC&S, Inc., et al.
94-cv-0216  Lyle R. Hoeft v. Anchor Packing, et al. 09-61478
92-cv-0494  Clyde J. Nagle v. Anchor Packing, et al. 09-61092
94-cv-0165  Jerome D. Centner v. Anchor Packing, et al. 09-60395
98-cv-0320  Robert Binder v. AC&S, Inc., et al.
00-cv-1631  Harold A. Alfter v. AC&S, Inc., et al. 09-60501
00-cv-1566  Ronald E. Bieganski v. AC&S, Inc., et al. 09-60498

<u>Western District of Wisconsin</u>

97-C-0411  Platt O. Welch v. Anchor Packing, et al.
99-C-0475  Oswald F. Suoja v. Owens-Illinois, et al. 09-60254

**AND NOW**, this **13th** day of **February 2009**, it is hereby

**ORDERED** that a hearing on Plaintiffs' motion to appoint a special

administrator in the captioned cases will be held on **Tuesday,**

**March 3, 2009** at **9:00 am** in Courtroom 11A, United States

Courthouse, 601 Market Street, Philadelphia, PA 19106.

It is further **ORDERED** that Plaintiffs' counsel should be

prepared to argue a rule to show cause why each case should not be dismissed as void ab initio. Each of the cases were originally filed in the name of a Plaintiff who was already deceased. It is a general rule of Wisconsin law that an action at law requires a person or an entity to bring suit. A "deceased [person] cannot be a party to an action." Brickley v. Neuling, 41 N.W.2d 284, 285 (Wis. 1950)). As a consequence, the Court has no jurisdiction and the Court may act by "dismissing the action, or otherwise noticing the defect, at any stage in the proceedings." Id. If Plaintiff can show that their case is not void, the Court will proceed to hear the motion to appoint a special administrator.

AND IT IS SO ORDERED.

EDUARDO C. ROBRENO, J.